IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03343-M-RJ

CHARLES EVERETTE HINTON,               )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )           ORDER
                                       )
JOSEPH R. BIDEN,                       )
                                       )
            Defendant.                 )

On December 11, 2023, Charles Everette Hinton ("plaintiff"), a state inmate proceeding *pro se*, filed what the court construes as a civil rights complaint. See Compl. [D.E. 1].

On December 13, 2023, the court 1) directed plaintiff to either apply to proceed without prepayment of fees or pay the filing fee, and to refile his complaint on the forms prescribed for use by the court, and 2) warned him that, if he failed to comply with this order within 21 days, the action may be dismissed without prejudice for failure to prosecute. Order [D.E. 3]. This order was returned to the court as undeliverable. See [D.E. 4] (noting mailing "refused by offender").

On December 29, 2023, plaintiff filed a self-styled "objection notices; and notice demand to transfer original to the judicial court for all further and further judicial proceedings and trial by jury for civil cases [sic]." Mot. [D.E. 5] (objecting to the case caption and the court's use of his "fictitious name and artificial name"; disclaiming his present prison address; objecting to the venue and jurisdiction of the court; arguing the Clerk of Court is violating his "natural person's civil rights [sic]"; noting his claim does not sound in "admiralty and or maritime action in rem, quasi in rem, nor in personam [sic]"; and asking the court to "please transfer and file the original claim

according to the North Carolina Judicial decisions entering date of filing as the prima facie evidence of the date of filing, issue judicial process to respondents compelling their obedience to appear, aver, answer, defend, respond, admit or deny, plead, motion, and or settle and be subject to full disclosure and discovery requests, and provide claimant his day in the judicial court an subsequent trial by jury in civil cases [sic].").

On January 2, 2024, plaintiff filed various documents and a motion. See [D.E. 6] (self-styled "notice to intervene by fundamental right [sic]," generally asserting the intent to depose and seek testimony on the subject matter of "private property and intellectual property interests"); [D.E. 7] (self-styled "notice of power of attorney in fact, agreements, and authorizations to represent [sic]," generally asserting that several inmates agree to be represented by plaintiff in civil, criminal, and commercial matters); [D.E. 8] (self-styled "Notice of Entry for Special Appearance by Next Friend and Power of Attorney in fact and Record for Petitioners [sic]," generally asserting plaintiff is seeking to represent petitioners who "are not master of their minds nor intellectual to completely understand the nature and complex litigation in the subject matter [sic]" and who "are undeniably illiterate to uniform commercial codes involving negotiable instruments, sales, amongst other things, secured transactions, contracts and agreements laws and acts [sic]"); [D.E. 9] (self-styled "disclosure statement notice," stating, *inter alia*, "petitioners are natural persons and North Carolina citizens vested with fundamental rights, privileges, and immunities, secured by Article IV and Amendments I and V to the Constitution for the United States of America [sic]"); Mot. [D.E. 10] (self-styled "Notice and Petition for a Judicial Order to Depose and Perpetuate Testimonies by Written Interrogatories for Matters Cognizable in a United States Court for the Venue and Jurisdiction of the Criminal Trial Division and or the Civil Trial

2

Division [sic]," seeking, *inter alia*, "the perpetuating testimonies of: (1) [North Carolina Governor] Roy A. Cooper; (2) [Secretary of the North Carolina Department of Adult Corrections] Todd Ishee; (3) [President of the United States of America] Joseph R. Biden; and the petitioners: [inmates] Marvin D. Breeden; Branden A. Elder; Billy A. Ennis; Hector Zapata; and [plaintiff] [sic].").

Plaintiff is a familiar litigant to the district courts of North Carolina. See, e.g., Hinton v. Conrad, No. 3:12-CV-367-PMD (W.D.N.C. order filed July 27, 2012) (unpublished) (noting that, as of 2012, plaintiff had filed 19 *pro se* suits in the Western District of North Carolina). Plaintiff also has three strikes under the Prison Litigation Reform Act ("PLRA"). See Hinton v. Curran, No. 3:09-CV-110-MU-02, 2009 WL 799626 (W.D.N.C. Mar. 24, 2009) (unpublished) (dismissing one of plaintiff's previous suits pursuant to 28 U.S.C. § 1915(g)).

Succinctly stated, because plaintiff failed to comply with the court's December 13, 2023, order of deficiency and the time to do so has passed, dismissal of this action is appropriate. See Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989) (finding dismissal an appropriate sanction where a *pro se* litigant disregarded a court order despite a warning that failure to comply with the order would result in dismissal); see also Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished).

Accordingly, the court DISMISSES WITHOUT PREJUDICE the instant action [D.E. 1] for failure to prosecute; DENIES AS MOOT plaintiff's pending motions [D.E. 5, 10]; and DIRECTS the clerk to close the case.

SO ORDERED this 5th day of January, 2024.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

3

Case 5:23-ct-03343-M-RJ   Document 11   Filed 01/05/24   Page 3 of 3